# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3454

_____

Robert Brooks,                                    *
                                                  *
          Appellant,                         *
                                                  *    Appeal from the United States
     v.                                          *    District Court for the
                                                  *    Eastern District of Arkansas.
Union Pacific Railroad Company,                   *
                                                  *
          Appellee.                          *

_____

Submitted: June 15, 2010
Filed: September 3, 2010

_____

Before MELLOY, HANSEN, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Robert Brooks sued Union Pacific Railroad Company ("Union Pacific") under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, to recover damages for a back injury that he allegedly suffered while working as a machinist at Union Pacific's locomotive repair shop in North Little Rock, Arkansas. Brooks alleged that his injury resulted from acute trauma to his back. Union Pacific moved for summary judgment. After providing Brooks with two opportunities to properly respond to Union Pacific's motion, the district court[1] found that Brooks failed to

_____

[1]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

produce admissible evidence of causation, negligence, or foreseeability—the essential elements of a FELA action—and granted the motion for summary judgment. Brooks appeals, arguing that the district court (1) abused its discretion in not considering his treating physician's statement that Brooks's injury resulted from his employment with Union Pacific and (2) erred in concluding that Brooks did not provide evidence of negligence or foreseeability. We disagree and affirm.

## I. *Background*

Union Pacific employed Brooks as a machinist for approximately ten years. On November 11, 2006, Brooks allegedly suffered an acute, traumatic lower back injury while working underneath a locomotive at an area of the Union Pacific yard known as the "drop table." Brooks sought medical treatment. Dr. Butchala Garlapati and other physicians diagnosed Brooks as having degenerative disc disease without evidence of neurological injury, disc herniation, or other abnormality. Brooks underwent two separate surgeries for the placement of a spinal cord stimulator to improve his condition.

Brooks filed a FELA claim seeking damages for this back injury. Brooks alleged that working on Union Pacific's locomotives activated, accelerated, and aggravated his back injury by cumulative and acute trauma. He also alleged that Union Pacific's negligence caused his back injury. Brooks later filed a motion to voluntarily dismiss his cumulative-trauma claim. The district court entered an order granting the motion and noting that Brooks was not dismissing the acute-trauma portion of his claim.

In interrogatories, Union Pacific asked Brooks to disclose anticipated retained or non-retained expert witnesses at trial. Brooks responded that his experts were unknown and that his answer would be supplemented at a later date. Brooks never supplemented his answer to the interrogatory.

Brooks did disclose the name, address, and phone number of each of his treating physicians—including Dr. Garlapati—in discovery responses. Brooks also supplied copies of his medical records and authorizations to obtain his medical records. During discovery, Union Pacific listed as its witnesses the "Plaintiff's Treating Physicians" who were expected to testify on the subject of the "Plaintiff's alleged injuries and damages." Brooks also listed his treating physicians as witnesses. Union Pacific did not depose any of Brooks's treating physicians.

Union Pacific's attorneys deposed Brooks. In his deposition, Brooks again stated that he injured his back working with heavy equipment in cramped and confined spaces while he was working underneath a locomotive. Brooks further stated that his back was not injured when he began his shift and that he noticed that he had significant back pain as he was climbing out from underneath the locomotive.

The district court entered a final scheduling order that required the parties to disclose their expert witnesses and expert reports under Federal Rule of Civil Procedure Rule 26(a)(2) by April 27, 2009. On that date, Union Pacific designated Dr. Earl Peeples as an expert witness and provided Dr. Peeples's expert report. Brooks did not disclose any expert witnesses or provide any expert reports. Union Pacific then filed a motion for summary judgment, arguing that Brooks could not prove causation, negligence, or foreseeability. In support of its motion, Union Pacific attached Dr. Peeples's expert report. Dr. Peeples stated in his report that he found that Brooks had no specific injury or trauma which correlated with his employment at Union Pacific.

In opposition to Union Pacific's motion for summary judgment, Brooks provided affidavits from his treating physician and coworkers. Dr. Garlapati stated in his affidavit that Brooks told him that he had been injured at work; Dr. Garlapati further stated in the same affidavit that it was his medical opinion that Brooks's work for Union Pacific "caused or contributed to [his] injury and subsequent surgeries." Brooks's coworker, John Dangerfield, stated in his affidavit that he was working with

Brooks on the night of the injury; both Dangerfield and Brooks had complained to their supervisors about the dangerous working conditions that they were subjected to without relief or resolution from the Union Pacific; and he was aware of other injuries that occurred at the same work station where he and Brooks worked.

The district court convened a telephone conference regarding Union Pacific's motion for summary judgment. During this teleconference, the court observed that Brooks had not designated an expert witness or provided an expert report to rebut Union Pacific's expert report. The court entered an order allowing Brooks additional time in which to submit a response to Union Pacific's motion that complied with the Federal Rules of Civil Procedure and warned that Union Pacific's motion would be granted if Brooks did not comply with the Federal Rules.[2]

Brooks submitted an amended response, with an additional paragraph and added citations, but again did not designate Dr. Garlapati as an expert or submit an expert report. The district court then granted Union Pacific's motion for summary judgment, finding that Brooks's response did not provide evidence of causation, negligence, or foreseeability.

## II. *Discussion*

On appeal, Brooks argues that the district court (1) abused its discretion in not considering Dr. Garlapati's statement that Brooks's injury resulted from his

---

[2]Specifically, the district court stated in its order that

Plaintiff's counsel is given to . . . August 10, 2009, to get his Response two-blocked. If the requirements of these rules are not met by this deadline, Defendant's Motion for Summary Judgment will be granted. If the requirements are met, I will consider the issues and decide whether the motion should be granted.

employment with Union Pacific and (2) erred in concluding that Brooks did not provide evidence of negligence or foreseeability.

Brooks first argues that Dr. Garlapati's medical opinion that Brooks's injury resulted from his employment with Union Pacific should have been considered along with Brooks's response to Union Pacific's motion for summary judgment. Brooks contends that a treating physician is not considered an expert if his opinions are based on observations made during his treatment of a patient rather than reviewing a patient's records. Alternatively, if Dr. Garlapati is considered an expert, Brooks argues that Dr. Garlapati is not a "retained" expert and thus not required to give a report.

Union Pacific responds that Brooks was required to disclose Dr. Garlapati as an expert witness and submit a written report per Rule 26(a)(2) and the district court's final scheduling order despite Dr. Garlapati's status as one of Brooks's treating physicians. Union Pacific maintains that the fact that Brooks did not retain Dr. Garlapati as a retained expert did not excuse the non-compliance with Rule 26(a)(2) because Dr. Garlapati's causation opinion fell within the purview of Federal Rule of Evidence 702.

"This court has held that a district court may exclude from evidence at trial any matter which was not properly disclosed in compliance with the court's pretrial orders, and such a ruling will be reversed on appeal only for abuse of discretion." *Iowa-Mo Enter., Inc. v. Avren*, 639 F.2d 443, 447 (8th Cir. 1981). We therefore review the district court's exclusion of expert testimony for abuse of discretion. *Jaurequi v. Carter Mfg. Co., Inc.*, 173 F.3d 1076, 1081 (8th Cir. 1999). We review the district court's grant of summary judgment in favor of Union Pacific de novo, applying the same standards as the district court. *Francisco v. Burlington N. R.R. Co.*, 204 F.3d 787, 789 (8th Cir. 2000). In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "a genuine issue of material fact

such that [his] claim should proceed to trial." *Nitro Distrib., Inc. v. Alitcor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (internal quotations and citation omitted).

Brooks's complaint stated that he suffered an acute injury at work. Brooks, however, did not point to a specific incident that injured him. Union Pacific presented a report from Dr. Peeples stating his opinion that Brooks's work at Union Pacific did not cause the injury in question. In order to avoid summary judgment, Brooks was required to produce admissible evidence that Union Pacific's negligence played a part in *causing* his alleged injury. *Fletcher v. Union Pac. R.R. Co.*, 621 F.2d 902, 909 (8th Cir. 1980) ("The test of causation under the FELA is whether the railroad's negligence played any part, however small, in the injury which is the subject of the suit."). In FELA cases, "[e]xpert evidence is often required to establish the causal connection between the accident and some item of physical or mental injury unless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile." *Moody v. Maine Cent. R.R. Co.*, 823 F.2d 693, 695 (1st Cir. 1987). Because the type of injury Brooks suffered had no obvious origin, "expert testimony is necessary to establish even that small quantum of causation required by FELA." *Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 504 (9th Cir. 1994).

Although expert testimony was required, Brooks failed to serve Union Pacific with any expert disclosures as required by Rule 26(a)(2)[3] and the district court's final

---

[3]Rule 26(a)(2)(A)–(C) provides:

(A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702 . . . .

(B) *Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially

scheduling order. Brooks argues that the district court should have received Dr. Garlapati's affidavit and causation opinion regardless of any expert disclosures because Dr. Garlapati was his treating physician. Brooks asserts that Dr. Garlapati may testify from his personal experience in treating Brooks without being considered an expert witness, citing *Davoll v. Webb*, 194 F.3d 1116 (10th Cir. 1999). *Davoll* is a disability discrimination case in which a treating physician explained the plaintiff's injuries but did not testify concerning causation because causation was not an issue. 194 F.3d at 1138–39. *Davoll* holds that a treating physician may testify as a lay witness when describing a medical *condition. Id.* at 1139. Brooks sought to use Dr.

---

employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the data or other information considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders.

Garlapati not merely to explain Brooks's medical *condition*—he also sought to use Dr. Garlapati to explain *causation* of Brooks's condition.

"A treating physician's expert opinion on causation is subject to the same standards of scientific reliability that govern the expert opinions of physicians hired solely for purposes of litigation." *Turner v. Iowa Fire Equip. Co.*, 229 F.3d 1202, 1207 (8th Cir. 2000) (affirming the district court's decision to strike the treating physician's opinion and to grant summary judgment in favor of the defendants due to the lack of evidence of causation); *see also Bland v. Verizon Wireless, (VAW) L.L.C.*, 538 F.3d 893, 899 (8th Cir. 2008) (affirming summary judgment following the exclusion of a treating physician's causation opinion); *Claar*, 29 F.3d at 504 (holding that, in order to avoid summary judgment, the plaintiffs in a FELA action were required to produce expert testimony that exposure to chemicals played a part in causing their injuries). We hold that Dr. Garlapati's causation opinion brought his testimony within Rule 702[4] and Rule 26(a)(2).

Because Brooks failed to comply with the requirements of Rule 26(a)(2), the district court properly excluded Dr. Garlapati's causation opinion. Without this expert opinion to refute Union Pacific's expert causation evidence, the district court correctly found that there were no genuine fact disputes regarding whether Union Pacific

---

[4]Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

caused Brooks's injury, an essential element under FELA. We affirm the grant of Union Pacific's summary judgment motion.[5]

### III. *Conclusion*

Accordingly, we affirm the decision of the district court.

_____

---

[5]Because we hold that Brooks did not provide any disputed fact as to whether Union Pacific caused his back injury—one of the necessary elements of a FELA action—we need not consider Brooks's arguments that Union Pacific acted with negligence and that his injury was foreseeable.