SMITH, Circuit Judge,
concurring.
I concur in the court’s opinion. I write separately because I conclude that whether expert testimony concerning the applicable standard of care was required to support the jury’s negligence finding is a legal question that BNSF need not have renewed in a Rule 50(b) motion. See supra Part.II.A.2. Nonetheless, I find that the district court did not err in refusing to require plaintiffs to offer expert testimony.
Subject matter requiring specialized knowledge and training such as medicine, engineering, and architecture generally requires expert testimony to aid the factfin-der, But, where the claim is "basic negligence and no specialized knowledge is needed, the jury can render a decision without expert testimony. Deciding whether expert testimony is needed to establish *858 a claim turns on the specific facts of the case. See Bartak v. Bell-Galyardt & Wells, Inc., 629 F.2d 523, 530 (8th Cir. 1980). While the determination is fact dependent, it also rests upon a legal standard. The question is neither purely legal nor purely factual; it is a mixed question of law and fact. See Pullman-Standard v. Swint, 456 U.S. 273, 290 n.19, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982) (noting that mixed questions of law and fact are “questions in which the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard, or to put it another way, whether the rule of law as applied to the established facts is or is not violated”). We have committed the determination of whether expert testimony is admitted to the sound discretion of trial courts, and we will not reverse a trial court’s decision unless it is clearly erroneous. Bartak, 629 F.2d at 530.
Here, BNSF’s argument is that the case presented questions that simply could not be determined by a factfinder without expert input of the standard of proper or reasonable care in the railroad industry. This is a legal question, and like all legal questions, it cannot be resolved in the abstract but must be analyzed in conjunction with the facts of the particular case. Doing so does not convert it into a sufficiency-of-the-evidence argument; it remains a legal question. Cf. Rosemann v. Sigillito, 785 F.3d 1175, 1181 (8th Cir. 2015) (agreeing with the district court that expert testimony was required to establish the proper standard of care and, without it, the plaintiffs claim of professional negligence was not submissible); Brooks v. Union Pac. R.R., 620 F.3d 896, 900 (8th Cir. 2010) (affirming grant of summary judgment to defendant because plaintiff failed to offer expert testimony). For that reason, I conclude that BNSF’s argument challenges a determination committed to the district court, not the jury, and, therefore, is not an argument that must be renewed in a Rule 50(b) motion. See Linden v. CNH Am., LLC, 673 F.3d 829, 833 (8th Cir. 2012) (limiting the requirement to renew a Rule 50(a) motion to sufficiency-of-the-evidence challenges). We require an argument to be renewed in a Rule 50(b) motion “because it allows the district court, which has first-hand knowledge of witnesses, testimony, and issues, an opportunity after the verdict to review the legal sufficiency of the evidence.” Ludlow, 788 F.3d at 800 (quotations and citations omitted). The trial court thus is able to review the decision of the factfinder, be it a jury or the court itself. Whether expert testimony is necessary, though, is not entrusted to the factfinder; rather, it is a determination made by the court to assist the factfinder in weighing the evidence. Here, BNSF’s expert-testimony argument, directed at the trial court, is preserved for appellate review.[5]
*859 The ultimate determination of whether expert testimony is required, however, remains committed to the trial court’s sound discretion; here, the district court did not err in refusing to require plaintiffs to offer expert testimony on crew calls and train movements. Plaintiffs’ theory of liability did not rely on BNSF’s negligence in the mode of transportation. In its final jury instructions, the district court told the jury to disregard any evidence or argument “suggesting that BNSF should have scheduled its trains and crews to make sure that Todd Burekhard and Blaine Mack reached Glasgow before their 12-hours in service expired.” The district court permitted plaintiffs to reference BNSF’s curfew policy in arguing that BNSF knew that nighttime transportation by public roadways presented additional risks. The district court considered these additional risks a “matter of common sense.” Plaintiffs’ argument went to the narrow issue of the foreseeability of drunk drivers; contrary to BNSF’s contention, it did not introduce the additional theory of liability that BNSF was negligent for permitting nighttime transportation on public roadways. Thus, BNSF’s standard of care for crew calls and train movements was not at issue. Accordingly, I conclude that expert testimony was not necessary on this subject.

. The per curiam opinion cites Hall v. Arthur, 141 F.3d 844 (8th Cir. 1998), in support of its conclusion that BNSF’s argument that expert testimony was required is a sufficiency-of-the-evidence argument. Specifically, the opinion relies on the following statement: "[W]e reject Dr. Gocio’s assertion that there was insufficient evidence that he violated the applicable standard of care.” Id. at 847. This statement does not bear the load placed upon it, as it simply does not state that the determination of whether expert testimony is required is a sufficiency-of-the-evidence question. Hall dealt with a doctor arguing “that since he acted only as an assistant in Mr. Hall’s surgery, the Halls had to produce expert testimony as to the standard of care applicable to an assistant in order to allow the jury to reach the question of his potential negligence.” Id. As the court noted, the applicable law required that the violation of the standard of care be established by expert testimony when the asserted negligence does not lie within the jury’s comprehension as a matter of common knowledge. Id. The court merely rejected the *859 doctor’s argument that a separate expert was required to establish the standard applicable to him as an assistant and that the plaintiffs could not rely on the expert to establish the standard of care for the lead doctor. Id.