Angela T. Quigless, J.
Steven D. Ackman ("Ackman") appeals from the order and judgment of the Circuit Court of the City of St. Louis granting summary judgment in favor of the defendant, Union Pacific Railroad Company ("Union Pacific"). In the underlying case, Ackman brought suit under the Federal Employers' Liability Act ("FELA") against Union Pacific for injuries arising out of Union Pacific's alleged negligence. The trial court granted summary judgment in favor of Union Pacific on the grounds that Ackman failed to demonstrate the existence of a genuine issue of material fact regarding the element of causation. Finding no error, we affirm.
Factual and Procedural History
We view the record in the light most favorable to the party against whom summary judgment was entered, which is Ackman. Berndsen v. Flagstar Bank, FSB , 193 S.W.3d 828, 829-30 (Mo. App. E.D. 2006).
Ackman brought suit against Union Pacific under FELA for cumulative injuries *83 he suffered while working within the scope of his duties as a machine operator. Ackman alleged he was "exposed to repetitive traumas to his back and the structures therein" due to the repeated stress of riding on Union Pacific's equipment. Ackman alleged riding long distances on Union Pacific's backhoes caused Ackman "to develop a degenerative and/or trauma condition of his spine and the structures therein, including the nerves to his legs."
The parties entered into an agreed upon Scheduling Order in which Ackman was required to disclose expert witnesses and produce the experts for deposition. In compliance with the Scheduling Order, Ackman disclosed two of his treating physicians, Dr. Crooks and Dr. Silvers, as non-retained expert witnesses who "may" be called to testify at trial. However, Ackman never deposed Dr. Crooks or Dr. Silvers. Ackman did not disclose any other medical experts.
Union Pacific subsequently moved for summary judgment on the grounds that Ackman failed to produce evidence from a medical causation expert establishing his injuries were caused by the work he performed for Union Pacific. Union Pacific asserted the only expert witnesses identified to establish causation, Dr. Crooks and Dr. Silvers, failed to disclose any such opinion. Union Pacific also asserted the medical records of Ackman's other treating physicians-Drs. Albano, McGarry, and Doll-do not link Ackman's alleged injuries to his work for Union Pacific. As such, Union Pacific argued it was entitled to judgment as a matter of law because Ackman could not establish the causation element of his FELA claim.
In its statement of uncontroverted material facts, Union Pacific made the following factual allegations relevant to this appeal: (1) Dr. Albano's medical records do not state that Ackman's alleged back problems were caused by his work for Union Pacific; (2) Dr. McGarry's medical records do not state that Ackman's alleged back problems were caused by his work for Union Pacific; (3) Dr. Doll's medical records do not state that Ackman's alleged back problems were caused by his work for Union Pacific; (4) None of these doctors' records link Ackman's alleged back problems to his work for Union Pacific in any way; (5) No doctor has ever told Ackman that his work on the railroad caused or contributed to his back pain; (6) Dr. Crooks' medical records do not state that Ackman's alleged back condition was caused by his work for Union Pacific; and (7) Dr. Silvers' medical records do not state that Ackman's alleged back condition was caused by his work for Union Pacific. In support, Union Pacific attached copies of each doctor's medical records.
Ackman filed a response to Union Pacific's statement of uncontroverted material facts.[1] Ackman admitted the medical records of the five doctors listed above do not state his back problems were caused by his work for Union Pacific. Ackman also admitted the medical records do not link his alleged back problems to his work for Union Pacific in any way. However, Ackman denied that no doctor had ever told him his work on the railroad caused or contributed to his back pain. In support of the denial, Ackman attached a copy of his own Affidavit in which he stated, "At no time did a doctor ever tell me that any of my back problem symptoms were caused by work on the railroad, until approximately 2013." The Affidavit did not identify the doctor.
Following a hearing, the trial court granted summary judgment in favor of Union Pacific, concluding Ackman failed to *84 demonstrate the existence of a genuine issue of material fact regarding the element of causation. Ackman now appeals.
Point Relied On
In his sole point on appeal, Ackman argues the trial court erred in granting Union Pacific's motion for summary judgment on the issue of medical causation evidence because there were genuine issues of material fact regarding whether or not Ackman had medical evidence linking Union Pacific's negligence and Ackman's injuries. Specifically, Ackman argues summary judgment was inappropriate because (1) the medical report of Dr. Doll supported a causal connection between operating a backhoe for many years and the development of severe back pain, and (2) the medical record of Dr. Crooks supported that Ackman's back pain began many years ago due to operating heavy equipment for his job.
Standard of Review
We review the entry of summary judgment de novo. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp. , 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate where the moving party has demonstrated there is no genuine issue as to any material fact, and it is entitled to judgment as a matter of law. Rule 74.04(c)(6);[2] Wilson v. Union Pac. R.R. Co. , 509 S.W.3d 862, 869 (Mo. App. E.D. 2017). The record is viewed in the light most favorable to the party against whom judgment was entered. Storey v. RGIS Inventory Specialists, LLC , 466 S.W.3d 650, 654 (Mo. App. E.D. 2015).
Where the movant is the defending party-as in this case-the movant may establish a prima facie right to summary judgment by: (1) showing facts negating any one of the elements of the non-movant's claim; (2) demonstrating that the non-movant, after an adequate period of discovery, has not been able and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the non-movant's elements; or (3) establishing that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly pleaded affirmative defense. Diehl v. Fred Weber, Inc. , 309 S.W.3d 309, 317 (Mo. App. E.D. 2010).
Once the movant has established a right to judgment as a matter of law, the burden shifts to the non-moving party-here, Ackman-to "create a genuine dispute by supplementing the record with competent materials that establish a plausible, but contradictory, version of at least one of the movant's essential facts." ITT Commercial Fin. Corp. , 854 S.W.2d at 382. In responding to a motion for summary judgment, the non-movant "may not rest upon the mere allegations or denials of the party's pleading." Rule 74.04(c)(2); Strable v. Union Pac. R.R. Co. , 396 S.W.3d 417, 425 (Mo. App. E.D. 2013). Rather, "the response shall support each denial with specific references to discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." Rule 74.04(c)(2). Facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion. Goerlitz v. City of Maryville , 333 S.W.3d 450, 453 (Mo. banc 2011). We will affirm the trial court's judgment if it is sustainable on any theory. Curtis v. James , 459 S.W.3d 471, 475 (Mo. App. E.D. 2015).
*85 Discussion
Unlike a typical workers' compensation scheme, which provides relief without regard to fault, FELA provides a statutory cause of action sounding in negligence. Norfolk S. Ry. Co. v. Sorrell , 549 U.S. 158, 165, 127 S.Ct. 799, 166 L.Ed.2d 638 (2007). FELA provides in pertinent part:
Every common carrier by railroad while engaging in commerce ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury ... resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.
45 U.S.C. § 51.
It is well-established that FELA cases adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal. St. Louis Sw. Ry. Co. v. Dickerson , 470 U.S. 409, 411, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985) ; Cameron v. Norfolk & W. Ry. , 891 S.W.2d 495, 498 (Mo. App. E.D. 1994) ; Morgan v. Union Pac. R.R. Co. , 368 S.W.3d 219, 222 (Mo. App. E.D. 2012). To recover under FELA, the plaintiff must demonstrate (1) the employer had a duty to provide him with a reasonably safe place to work; (2) the employer breached its duty of care; (3) this lack of due care played some part in causing the plaintiff's injury; and (4) the plaintiff's injury was reasonably foreseeable. Morgan , 368 S.W.3d at 222 (citing Euton v. Norfolk & W. Ry. Co. , 936 S.W.2d 146, 150 (Mo. App. E.D. 1996) ). The absence of the third element-causation-formed the basis for the trial court's summary judgment order in favor of Union Pacific.
Expert testimony is unnecessary to establish the element of causation in cases where a layperson could understand what caused the plaintiff's injury. Myers v. Illinois Cent. R.R. Co. , 629 F.3d 639, 643 (7th Cir. 2010). For example, a plaintiff need not produce expert testimony when he or she suffers from a broken leg or a gash when hit by a vehicle. Id. However, when there is no obvious origin of the plaintiff's injury, "expert testimony is necessary to establish even that small quantum of causation required by FELA." Brooks v. Union Pac. R.R. Co. , 620 F.3d 896, 899 (8th Cir. 2010) (quoting Claar v. Burlington N. R.R. Co. , 29 F.3d 499, 504 (9th Cir. 1994) ).
In this case, Ackman claims his injuries are the result of repetitive trauma to his back and spine during the years he worked for Union Pacific and, therefore, his injuries are cumulative. "Cumulative trauma disorder refers not to one specific injury, but to numerous disorders caused by the performance of repetitive work over a long period of time." Gutierrez v. Excel Corp. , 106 F.3d 683, 686 (5th Cir. 1997). They are simply "wear and tear" on the body and can be the product of numerous factors. Myers , 629 F.3d at 643. When an injury is of this nature, courts follow the general principle that a layman could not discern the specific cause of the injury and, therefore, have required expert testimony to establish causation. Payton v. Union Pac. R.R. Co. , 405 S.W.3d 1, 5 (Mo. App. E.D. 2013) (expert testimony required for degeneration of back and neck); Brooks , 620 F.3d at 899 (8th Cir. 2010) (expert testimony needed for degenerative disc disease ); Myers , 629 F.3d at 643 (expert testimony required for cumulative injuries to knee, elbow, back, and neck).
Union Pacific moved for summary judgment on the grounds that Ackman failed to *86 produce evidence from a medical causation expert establishing his injuries were caused by the work he performed for Union Pacific. Union Pacific asserted the only expert witnesses identified to establish causation, Dr. Crooks and Dr. Silvers, failed to disclose any such opinion. Union Pacific also asserted the medical records of Ackman's other treating physicians-Drs. Albano, McGarry, and Doll-do not link his alleged injuries to his work for Union Pacific. Therefore, Union Pacific argued it was entitled to judgment as a matter of law because Ackman could not establish the causation element of his FELA claim.
Union Pacific's statement of uncontroverted material facts alleged, in relevant part: (1) Dr. Albano's medical records do not state that Ackman's alleged back problems were caused by his work for Union Pacific; (2) Dr. McGarry's medical records do not state that Ackman's alleged back problems were caused by his work for Union Pacific; (3) Dr. Doll's medical records do not state that Ackman's alleged back problems were caused by his work for Union Pacific; (4) None of these doctors' records link Ackman's alleged back problems to his work for Union Pacific in any way; (5) No doctor has ever told Ackman that his work on the railroad caused or contributed to his back pain; (6) Dr. Crooks' medical records do not state that Ackman's alleged back condition was caused by his work for Union Pacific; and (7) Dr. Silvers' medical records do not state that Ackman's alleged back condition was caused by his work for Union Pacific. In support, Union Pacific attached copies of each doctors' medical records.
Because causation is an essential element of Ackman's claim, Union Pacific established a prima facie right to summary judgment by demonstrating "that the non-movant, after an adequate period of discovery, has not been able and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the non-movant's elements." Diehl , 309 S.W.3d at 317. Accordingly, the burden shifted to Ackman to demonstrate the existence of a genuine issue of material fact by either identifying evidence already in the record supporting causation, or by supplementing the record with competent materials supporting this element. See ITT Commercial Fin. Corp. , 854 S.W.2d at 382.
Here, Ackman was required to produce testimony from an expert witness to establish causation. Ackman's injuries are cumulative as they are the product of repetitive trauma to his back and spine during the years he worked for Union Pacific. Because there is no obvious origin of Ackman's injuries, a layman could not discern the specific cause of his injuries. See, e.g. , Payton , 405 S.W.3d at 5 ; Brooks , 620 F.3d at 899 ; Myers , 629 F.3d at 643. Therefore, the only evidence that would have satisfied Ackman's burden of demonstrating a genuine issue of material fact was testimony from an expert witness establishing a causal connection between Ackman's injuries and his work for Union Pacific.
In response to Union Pacific's summary judgment motion, Ackman failed to produce any deposition testimony, affidavits, or other evidence from an expert witness to establish the element of causation. See Rule 74.04(c)(2). Rather, Ackman admitted in his response to Union Pacific's statement of uncontroverted material facts that the medical records of his treating physicians-Drs. Albano, McGarry, Doll, Crooks, and Silvers-do not state his back problems were caused by his work for Union Pacific. Further, Ackman admitted the medical records do not link his alleged back problems to his work for Union Pacific in any way. The only suggestion of a causal connection between Ackman's work and his injuries in the summary judgment record is Ackman's Affidavit in which he *87 stated, "At no time did a doctor ever tell me that any of my back problem symptoms were caused by work on the railroad, until approximately 2013." Although this Court is required to give Ackman the benefit of all reasonable inferences, an affiant who fails to assert specific facts, and relies only upon mere doubt and speculation fails to raise any issue of material fact. Stanbrough v. Vitek Sols., Inc. , 445 S.W.3d 90, 99 (Mo. App. E.D. 2014). Here, Ackman's vague reference to an unidentified doctor's medical opinion, without any supporting testimony or specific evidence, is entirely speculative and does not create a genuine issue of material fact to overcome summary judgment. Therefore, Ackman's failure to produce testimony from a medical causation expert to support his FELA claim was grounds for granting summary judgment in favor of Union Pacific. See Myers , 629 F.3d at 645 (affirming summary judgment in favor of defendant on FELA claim because the cumulative nature of plaintiff's injuries required expert testimony establishing specific causation).
Ackman argues summary judgment was inappropriate because the medical report of Dr. Doll supported a causal connection between operating a backhoe for many years and the development of severe back pain, and the medical record of Dr. Crooks supported that Ackman's back pain began many years ago due to operating heavy equipment for his job. We find Ackman's argument unpersuasive.
First, as discussed supra , Ackman admitted in his response to Union Pacific's statement of uncontroverted material facts that the medical records of his doctors, including Dr. Doll and Dr. Crooks, do not state his back problems were caused by his work for Union Pacific. Further, Ackman admitted the medical records do not link his alleged back problems to his work for Union Pacific in any way. Accordingly, these material facts are not in dispute. On appeal, Ackman is essentially asking this Court to disregard his admissions and review the summary judgment record as if he denied these material facts.[3] We decline to do so. A trial court grants or denies a motion for summary judgment on the basis of what is contained in the summary judgment motion and the responses thereto. Holzhausen v. Bi-State Dev. Agency , 414 S.W.3d 488, 494 (Mo. App. E.D. 2013). Here, the trial court granted Union Pacific's motion for summary judgment, in part, on the basis of Ackman's admissions that the medical records do not establish a causal connection between his injuries and his work for Union Pacific. As an appellate court, we are confined to considering the same information the trial court considered in rending its decision on the motion for summary judgment. Mothershead v. Greenbriar Country Club, Inc. , 994 S.W.2d 80, 85 (Mo. App. E.D. 1999). As such, we cannot ignore Ackman's admissions as they were part of the summary judgment record before the trial court and considered by the court in granting summary judgment in favor of Union Pacific.
Second, even if Ackman had not admitted the medical records do not establish causation, courts have made it clear that where a plaintiff brings suit under FELA for a cumulative injury, expert testimony is required to establish causation. See, e.g. , Payton , 405 S.W.3d at 5 ;
*88 Brooks , 620 F.3d at 899 ; Myers , 629 F.3d at 643. Ackman has not cited,[4] and we have not found, any FELA cases involving a cumulative injury where a court has held medical records are sufficient evidence to establish causation and create a genuine issue of material fact to overcome a motion for summary judgment. Moreover, neither Dr. Doll nor Dr. Crooks opines in their medical records that Ackman's injuries were caused by the specific work he performed for Union Pacific. In Payton v. Union Pacific R.R. Co. , this Court affirmed a directed verdict in favor of Union Pacific because the plaintiff's medical causation expert failed to specifically testify that the loose cab seats on Union Pacific's locomotives caused, in whole or in part, the plaintiff's degenerative disk disease. Payton , 405 S.W.3d at 5-6 ("[W]e have found insufficient evidence to make a submissible case of causation when the medical expert fails to testify that the specific work activity at issue caused the plaintiff's injury."). Here, setting aside the fact that there is no expert testimony in this case, Ackman has not pointed us to any medical opinion in the doctors' records that specifically states riding on Union Pacific's equipment caused, in whole or in part, Ackman's degenerative back and spine injuries. Likewise, Ackman's recitation of his symptoms in the medical records does not establish the requisite causal connection to survive summary judgment.
Accordingly, we find the trial court did not err in granting Union Pacific's motion for summary judgment because Ackman failed to produce testimony from an expert witness as required to establish the causation element of his FELA claim. Additionally, the medical records of Ackman's doctors do not demonstrate a genuine issue of material fact because Ackman admitted the records do not establish a causal connection between his injuries and his work for Union Pacific, medical records are insufficient evidence to establish causation and overcome summary judgment in a cumulative injury FELA case, and, furthermore, Ackman's medical records do not specifically state his injuries were caused by his work for Union Pacific. Point denied.
Conclusion
The trial court's grant of summary judgment in favor of Ackman is affirmed.
Gary M. Gaertner, Jr., P.J., and Robert M. Clayton III, J. concur.

Ackman did not file a response to Union Pacific's motion for summary judgment.

All rule references are to Missouri Supreme Court Rules (2016) unless otherwise indicated.

Ackman argues for the first time in his reply brief that this Court should disregard his admissions because they were "inadvertent." However, appellate courts are generally precluded from addressing assertions made for the first time in a reply brief because a respondent has no opportunity to address the argument. Coyne v. Coyne , 17 S.W.3d 904, 906 (Mo. App. E.D. 2000). Therefore, arguments omitted from an appellant's initial brief may not be supplied by a reply brief. Id. Moreover, even if we were to review Ackman's argument ex gratia , we find it is without merit for the reasons espoused herein.

Ackman relies on Pruneau v. Smiljanich , 585 S.W.2d 252 (Mo. App. E.D. 1979), for the proposition that hospital records may be relied on to establish the element of causation. However, Pruneau is distinguishable from the present case. In Pruneau , the plaintiff sought to recover damages for injuries sustained in an automobile collision. During trial, the plaintiff's hospital records were admitted into evidence to establish her symptoms were related to the accident. Id. at 255. On appeal, the defendant argued the plaintiff failed to make a submissible case on the issue of damages due to the absence of medical testimony establishing the causal relationship between the accident and the injuries sustained. However, this Court concluded causation may be established in the absence of medical testimony if the injury suffered may be categorized as one of "sudden onset." Id. Because the plaintiff's symptoms-headache, back pain, visual impairment, and nausea-appeared three or four days after the accident, they were sudden onset and not the result of a gradual chronic disorder. Id. at 256. In the present case, by contrast, Ackman's injuries are not sudden onset but rather are cumulative as they are the result of repetitive trauma to his back and spine during the years he worked for Union Pacific. Therefore, expert testimony was required to establish the causal relationship between Ackman's injuries and his work for Union Pacific.