ERICKSON, Circuit Judge, dissenting.
 

 While I agree with the majority's conclusion that Vanderberg did not technically satisfy the expert disclosure requirements of Fed. R. Civ. P. 26(a)(2) with regard to treating orthopedic surgeon Dr. Timothy Petsche,
 
 Brooks v. Union Pac. R.R. Co.
 
 ,
 
 620 F.3d 896
 
 , 900 (8th Cir. 2010), I believe that exclusion of the evidence was improper because the failure to disclose was harmless. And even if not harmless, under the Federal Rules of Civil Procedure and our existing precedent, the district court was obligated to consider a lesser sanction in this particular case when there was neither intentional misconduct nor surprise to the opposing party, and exclusion of the expert in effect directed a dismissal of the case.
 
 Heartland Bank v. Heartland Home Finance, Inc.
 
 ,
 
 335 F.3d 810
 
 , 817 (8th Cir. 2003).
 

 Because exclusion of the evidence as a sanction for violating Rule 26(a)(2) resulted in dismissal of Vanderberg's entire case, our review is guided by the following principles:
 

 Although we typically review the imposition of discovery sanctions for abuse of discretion, such discretion narrows as the severity of the sanction or remedy the district court elects increases. The sanction of dismissal is among the harshest of sanctions, and there is a strong policy favoring a trial on the merits and against depriving a party of his day in court. Accordingly ... we more closely scrutinize dismissal imposed as a discovery sanction because the opportunity to be heard is a litigant's most precious right and should sparingly be denied.
 

 Bergstrom v. Frascone
 
 ,
 
 744 F.3d 571
 
 , 576 (8th Cir. 2014) (quotations and citations omitted).
 

 When a party fails to make a disclosure required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In other words, when the failure to disclose is harmless, exclusion is not appropriate.
 

 Id.
 

 ;
 
 Hillesheim v. Holiday Stationstores, Inc.
 
 ,
 
 903 F.3d 786
 
 , 790,
 
 2018 WL 4302035
 
 , *2 (8th Cir. 2018).
 

 The district court considered the four factors set forth in
 
 Wegener v. Johnson
 
 ,
 
 527 F.3d 687
 
 , 692 (8th Cir. 2008), and found exclusion was warranted because: (1) Vanderberg offered no reason for noncompliance; (2) the late disclosure significantly prejudiced Petco since trial was two months away; and (3) allowing the expert evidence would significantly disrupt the order and efficiency of trial. As to the other factor-the importance of the information or testimony-the district court noted that the proposed opinion testimony was "highly important" and "the absence of opinion
 evidence concerning causation requires dismissal of Vanderberg's claims."
 

 The Federal Rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. While the district court was not required to impose the least onerous sanction available, a lesser sanction would have been just, would have adequately penalized Vanderberg, would have still conferred integrity to the discovery rules, and would not have prejudiced Petco's defenses.
 

 Vanderberg filed his complaint against Petco on March 8, 2016. The court issued a trial management order on May 26, 2016, setting the trial date for August 21, 2017. While reviewing courts ought to remain cognizant of not interfering with the busy trial calenders in the district courts, there was never a continuance of the trial in this case. Other than the district court's statement that a continuance would "significantly disrupt the order and efficiency of the trial," I am unable to find any support for the notion that a hardship that would have resulted from the granting of a short continuance to allow a deposition of Dr. Petsche at Vanderberg's cost (plus a monetary sanction for failing to comply with the rules, if appropriate) that outweighed depriving Vanderberg of his day in court.
 

 From the inception of the case through dismissal, it was apparent that Vanderberg claimed he sustained injuries related to a fall while making a delivery at a Petco store in Sioux City, Iowa. The assistant manager signed off on the June 7, 2015, delivery, adding the following notations: "Driver got hurt while unloading. Hurt his legs & his ankle. I witnessed him right after the accident and saw how the lift was down." In addition, as the majority notes, Vanderberg identified Dr. Petsche in his answer to an interrogatory question asking for information about treating doctors and treatments provided. Vanderberg referenced the medical records he provided to Petco for information about specific treatments and examinations.
 

 The majority's reliance on
 
 Brooks
 
 ,
 
 620 F.3d 896
 
 as factually "remarkably similar" is incorrect. The complaint in
 
 Brooks
 
 alleged the plaintiff suffered an acute injury at work without identifying a specific incident. Here, it is apparent that Petco was adequately informed about Vanderberg's claims regarding the single, identifiable incident. Petco was also adequately informed as to the evidence Vanderberg believed supported his claims, as at no time did Petco schedule or attempt to schedule a discovery deposition of Dr. Petsche, even though he was identified in Vanderberg's interrogatory answer.
 

 Vanderberg did not intentionally withhold information or mislead Petco. Approximately seven months before trial, in January 2017, Petco contacted Vanderberg about his lack of expert witness disclosures. Vanderberg responded the following day:
 

 We do not have any retained experts on liability or damages. We expect the treating physicians and surgeons will testify as to their diagnosis, treatment, prognosis, functional impairment and future medical care for Tim Vanderberg. If it is Petco's position that treating physicians must be identified through expert witness certification, please advise and we can take the matter up with the court.
 

 Petco sat silent after this correspondence was received, which was before expiration of the discovery deadline. Despite the confirmation that Dr. Petsche would be called as a witness at trial, Petco still did not schedule or attempt to schedule a deposition of Dr. Petsche. The reason is apparent from the record-the opinions Dr.
 Petsche would offer at trial were immediately knowable to Petco based on Vanderberg's other disclosures. Petco cannot claim surprise. Based on the information in its possession, Petco was prepared to defend against Vanderberg's claims, having retained its own expert, Dr. Douglas Martin, to opine that the injuries Vanderberg suffered were not caused by the fall at its store.
 

 The majority's contention that exclusion is the appropriate remedy because Petco would have had to "read between the lines" to figure out Vanderberg's evidence is at odds with the record. Dr. Petsche's beliefs about the mechanism of the injury, including the causal nexus between the incident at Petco and the injuries, was plain by any close reading of the medical records. Under these particular circumstances, the failure to provide a separate summary of the facts and opinions on which Dr. Petsche would testify, while a technical violation of Rule 26(a)(2), was harmless. The requisite expert disclosure would have been cumulative to the information previously disclosed by Vanderberg and already within Petco's knowledge.
 

 Because the failure to disclose in this case was harmless, exclusion of the evidence was an abuse of discretion. Fed. R. Civ. P. 37(c)(1) ;
 
 see
 

 Hillesheim
 
 ,
 
 903 F.3d at 790
 
 ,
 
 2018 WL 4302035
 
 at *2 (even assuming a Rule 26 violation, the failure to disclose was harmless when the opposing party was aware of, or at a minimum should have been aware of, the claim);
 
 Jackson v. Allstate Ins. Co.
 
 ,
 
 785 F.3d 1193
 
 , 1204 (8th Cir. 2015) (failure to disclose the report was harmless when the opposing party had deposed the witness and never requested the opportunity to take a supplemental deposition).
 

 Even if Vanderberg could not meet the harmless standard, Rule 37(c)(1) plainly vests the district court with discretion to consider a sanction less severe than exclusion. The choice of the sanction lies within the wide discretion of the trial court.
 
 Wegener
 
 ,
 
 527 F.3d at 692
 
 . The majority asserts, without support, that the district court has broad discretion to impose a sanction under Rule 37(b) where the discovery violation pertains to a court order, but under Rule 37(c), where, as in this case, the discovery violation is a failure to disclose under the expert discovery rules, the district court's discretion is limited solely to whether or not to exclude the evidence. We have not limited the district court's discretion in such a manner:
 

 The district court has discretion under Rule 37(c)(1) to apply sanctions against a party who has failed to satisfy initial or supplemental disclosure requirements; for example, excluding the evidence or testimony entirely. That 'discretion to fashion a remedy or sanction' is 'wide,' but 'narrows as the severity of the sanction or remedy ... increases.'
 

 Carmody v. Kansas City Bd. of Police Comm'rs
 
 ,
 
 713 F.3d 401
 
 , 405 (8th Cir. 2013) (quoting
 
 Wegener
 
 ,
 
 527 F.3d 687
 
 , 692 (8th Cir. 2008) ).
 

 The majority's unsupported assertion is also contrary to the plain language of Fed. R. Civ. P. 37(c). Rule 37(c)(1) lists alternatives to exclusion with the following prefatory language: "In addition to
 
 or instead of
 
 this sanction, the court, on motion and after giving an opportunity to be heard" may order payment of reasonable expenses, including attorney fees caused by the failure; may inform the jury of the party's failure; and may impose other appropriate sanctions. Fed. R. Civ. P. 37(c)(1) (emphasis added).
 

 On this record in which there is no evidence of intentional misconduct, no evidence of repeated discovery violations, no evidence of surprise, and no discernable evidence of a "significant" disruption of the
 trial court calendar or the presentation of the case, the district court abused its discretion by not considering a lesser sanction.
 
 Heartland Bank
 
 ,
 
 335 F.3d at 817
 
 . The majority's findings that Vanderberg failed to avail himself of the opportunity to seek a lesser sanction by filing a motion, either as determinative or a factor a court should consider, is disingenuous. Vanderberg resisted the motion for sanctions in the district court by filing a brief and requesting a hearing. Vanderberg's vigorous opposition furnished the district court with the discretion to consider other options outside of exclusion, including, for example, the assessment of fees and costs, the extension of the discovery deadline to allow the deposition of Dr. Petsche to be taken at Vanderberg's expense, and a continuance of the trial, if necessary to accommodate the additional discovery purportedly needed by Petco.
 

 In summary, Vanderberg provided notice of the facts and opinions Dr. Petsche would offer at trial in response to Petco's discovery requests, as opposed to a separate disclosure. Petco had the information required by Fed. R. Civ. P. 26(a)(2)(C), albeit not in the precise form required by the rule. The advisory committee notes to the 2010 amendments to Rule 26(a)(2) make clear that the disclosure required for an expert witness not required to prepare a report is "considerably less extensive" and "[c]ourts must take care against requiring undue detail." The purpose of Rule 26(a)(2) is to give the opposing party notice of the expert opinions and bases for them in advance of trial. The rule was not intended to be a vehicle to facilitate sharp lawyer practices or to pave the way for the district court to dismiss a case for insignificant, technical violations. As simply stated in
 
 Heartland Bank
 
 ,
 
 335 F.3d at 817
 
 , "the record does not substantiate the breadth of the sanction imposed by the district court."
 

 I would reverse the district court's decision and remand for further proceedings consistent with this opinion.