# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-2580

_____

Timothy Vanderberg

*Plaintiff - Appellant*

v.

Petco Animal Supplies Stores, Inc., doing business as Pet Food Warehouse, also known as Petco

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western Division

_____

Submitted: June 13, 2018
Filed: October 4, 2018

_____

Before GRUENDER, ERICKSON, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

The rules governing litigation in federal courts ensure fair and orderly proceedings free from prejudicial surprises. All litigants must disclose the identity of any expert witnesses they plan to use and, for non-retained experts such as treating physicians, they must disclose the subject matter and a summary of the facts and opinions to which the expert is expected to testify (absent a contrary stipulation or

court order). Fed. R. Civ. P. 26(a)(2). In this case, plaintiff Timothy Vanderberg relied upon statements by two treating physicians as expert opinions to show that his injuries were caused by a fall he suffered at a Petco store. Vanderberg, however, had failed to make any timely expert witness disclosures to Petco and never provided a summary of these physicians' expected testimony. The district court[1] excluded the undisclosed expert opinions under Fed. R. Civ. P. 37(c)(1). The court then granted summary judgment in favor of Petco because there was no other expert opinion evidence to establish causation, as is required by Iowa law. Vanderberg argues on appeal that the district court abused its discretion by excluding his treating physicians' opinions and that the district court erred by granting summary judgment to Petco. We affirm.

## I. Background

On June 7, 2015, Vanderberg, a truck driver employed by J.B. Hunt Transport, Inc., made a delivery to a Petco store in Sioux City, Iowa. He pulled a pallet of dog food out of his tractor-trailer using a hand-operated pallet jack. During this process, Vanderberg reached the edge of his trailer where a scissor lift should have been. The lift, however, had dropped down, causing the lift's gate to flip up, which in turn tripped Vanderberg. As Vanderberg fell backwards onto the partially-lowered lift, he held onto the handle of the pallet jack, resulting in his shoulders being jolted.

Vanderberg sought medical treatment for pain in his right knee, right foot, and both shoulders. He was prescribed physical therapy for his shoulder injuries. Vanderberg was subsequently diagnosed with injuries to his right knee and both shoulders, including rotator cuff tears in both shoulders. Several months later, Vanderberg also complained to a doctor about pain in his left knee.

---

[1] The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

Vanderberg sued Petco for negligence and premises liability in March of 2016. Pursuant to Fed. R. Civ. P. 26(f)(3), the parties agreed to a scheduling order and discovery plan ("the Plan"), which was approved by a magistrate judge. The Plan, which was later modified with court approval, dictated that Vanderberg's expert witness disclosures were due on October 31, 2016, Petco's expert disclosures were due on December 15, 2016, and Vanderberg's rebuttal expert disclosures were due on January 16, 2017. All discovery was to be completed by February 17, 2017.

In Vanderberg's initial disclosures, he listed his medical provider, Fox Valley Orthopaedic Institute ("Fox Valley"), as a party likely to have discoverable information. In his answer to Petco's interrogatory asking for information about treating doctors and the treatments provided, Vanderberg provided the names of Dr. Timothy Petsche and several other medical professionals at Fox Valley and stated: "See medical records for specific treatments and examinations." Vanderberg then provided Petco with 573 pages of medical records from Fox Valley.

The Fox Valley medical records included operative reports from when Dr. Petsche performed surgeries on Vanderberg's right knee on August 7, 2015, right shoulder on March 16, 2016, and left shoulder on August 12, 2016. In these reports, Dr. Petsche recounted a brief summary of the incident at the Petco store before describing Vanderberg's injuries and his treatments. The medical records also contained a letter authored by Dr. Petsche, addressed "To Whom It May Concern," which discussed Vanderberg's complaints of pain in his left knee. Dr. Petsche wrote: "It is my opinion that the right knee arthroscopy significantly exacerbated his left knee condition and therefore, further treatment of his left knee is medically necessary and related to the treatment of his right knee as well as the original injury."

Vanderberg did not designate any individuals as expert witnesses or provide any summaries of the facts and opinions to which such experts would testify. In

January 2017, after the deadlines for Vanderberg's initial and rebuttal expert witness disclosures had passed, Petco's counsel asked Vanderberg's counsel about the failure to designate any experts. Vanderberg's counsel sent a letter in response, stating in relevant part: "We do not have any retained experts on liability or damages. We expect the treating physicians and surgeons will testify as to their diagnosis[,] treatment, prognosis, functional impairment and future medical care for . . . Vanderberg." The letter added, "If it is Petco's position that treating physicians must be identified through expert witness certification, please advise and we can take the matter up with the court." Petco's counsel did not respond.

On March 17, 2017, a month after discovery had closed, Petco filed a motion for summary judgment. Petco argued, among other things, that the district court should grant judgment in its favor because Vanderberg had not produced any expert medical opinion evidence, as is required by Iowa law, to show that his injuries were caused by his fall at the Petco store rather than some other preexisting (or subsequent) medical condition.

Three days after Petco moved for summary judgment, Vanderberg produced for the first time two independent medical examination ("IME") reports authored by a Dr. Nikhil Verma on behalf of the workers' compensation carrier for Vanderberg's employer. Dr. Verma's IME reports opined that Vanderberg's shoulder injuries were caused by the work injury, but that his right knee pain was not. Vanderberg's counsel told Petco's counsel when producing the reports that he had just received them from Vanderberg's workers' compensation attorney that same day.

In his resistance to Petco's summary judgment motion, Vanderberg relied on Dr. Petsche's statements in his operative notes and on Dr. Verma's IME reports in order to establish that there was a genuine dispute of material fact as to the causation of his injuries. Petco responded by asking the district court to sanction Vanderberg for failing to make any expert witness disclosures while relying on Dr. Petsche's and

-4-

Dr. Verma's statements to establish causation. Petco requested that expert testimony from those not disclosed as experts be excluded and asked for attorney fees for the time spent preparing the sanctions motion.

The district court determined Vanderberg violated the disclosure requirement of Fed. R. Civ. P. 26(a)(2) and concluded that exclusion of the doctors' statements was the appropriate sanction given that allowing the evidence to be used would almost certainly require a continuance of trial so they could be deposed and because there was no valid reason for Vanderberg's failure to disclose. The district court specifically ordered that Vanderberg was "precluded from using Dr. Verma's opinion testimony, reports or records to establish causation," and that he was "also precluded from using Dr. Petsche's opinion testimony to establish causation." However, the district court did not grant Petco's request for attorney fees, stating that Petco had failed to comply with the "meet and confer" requirement of Fed. R. Civ. P. 37(a)(1) and a similar local rule.

Having excluded the physicians' statements, the district court then granted summary judgment to Petco. It noted that causation of a plaintiff's injuries is an essential element of both Vanderberg's negligence and premises liability claims. Under Iowa law, in order to prove causation where there are multiple possible causes of an injury, a plaintiff must support an assertion of causation with expert opinion evidence. *See, e.g., Anderson v. Bristol, Inc.*, 936 F. Supp. 2d 1039, 1067 (S.D. Iowa 2013). The district court concluded there were multiple other possible causes for Vanderberg's injuries (a prior right knee injury, degenerative joint disease, obesity) and thus expert opinion evidence was required. In the absence of the excluded statements from Dr. Petsche and Dr. Verma, Vanderberg had no expert opinion evidence to establish that his injuries were caused by the fall at the Petco store. Vanderberg timely appealed the sanction and grant of summary judgment.

-5-

## II. Exclusion of Evidence

On appeal, Vanderberg argues the district court abused its discretion by excluding the statements of Dr. Petsche.[2] We review the district court's exclusion sanction under an abuse of discretion standard. *See Brooks v. Union Pac. R.R. Co.*, 620 F.3d 896, 899 (8th Cir. 2010).

Federal Rule of Civil Procedure 26(a) requires litigants to make certain disclosures. Subsection (a)(2) governs the disclosure of witnesses that may be used to present expert testimony at trial, requiring that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(A). The nature and extent of the required disclosure turns on whether or not the expert witness is "retained or specifically employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). For such retained experts, a party must produce a detailed expert report, "[u]nless otherwise stipulated or ordered by the court." *Id.*

The disclosure rule is less demanding for experts that are not specifically employed or retained for litigation, such as treating physicians. Absent stipulation of the parties or a court order, parties must disclose the identity of non-retained experts who may testify at trial and disclose "the subject matter on which the witness is expected to present" expert opinion testimony and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

---

[2] At oral argument, Vanderberg's counsel conceded that the exclusion of Dr. Verma's statements was not an abuse of discretion and so only the exclusion of Dr. Petsche's statements is at issue.

The disclosure mandates in Rule 26 are given teeth by the threat of sanctions in Rule 37. *See* 8B Charles A. Wright, Arthur R. Miller *et al.*, *Federal Practice & Procedure* § 2289.1 (3d ed. 2018). Rule 37(c)(1) provides that when a party fails to comply with the disclosure requirements in Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The advisory committee notes describe this as "a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion" for sanctions. Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment. Rule 37(c)(1) further provides:

> In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> **(B)** may inform the jury of the party's failure; and
> **(C)** may impose other appropriate sanctions . . .

Fed. R. Civ. P. 37(c)(1).

In other words, if a party does not satisfy the expert disclosure requirements in Rule 26(a)(2), the undisclosed information or expert is excluded unless the failure was substantially justified or harmless. *Id.* However, the district court may, on a party's motion, impose an additional or alternative sanction.[3] *Id.*

---

[3] Courts have taken different approaches to harmonizing the text of the first and second sentences of Fed. R. Civ. P. 37(c)(1). *See* 8B Charles A. Wright, Arthur R. Miller *et al.*, *Federal Practice & Procedure* § 2289.1 (3d ed. 2018). Some have concluded that district courts may impose another sanction "instead of" exclusion only where "the failure [to comply with Rule 26(a) or (e)] was substantially justified or is harmless," while others have read the rule as allowing alternative (i.e. lesser) sanctions to exclusion for Rule 26(a) or (e) violations, upon a proper motion,

We agree with the district court that Vanderberg did not satisfy the disclosure requirements of Rule 26(a)(2). Vanderberg argues that his production of hundreds of pages of medical records, which included operative notes and a letter by Dr. Petsche, provided "ample notice to Petco that Dr. Petsche would express causation opinions." He also points out that in discovery he disclosed Dr. Petsche as a treating physician and potential fact witness.

These arguments, however, cannot change the fact that Vanderberg never disclosed Dr. Petsche or anyone else as a "witness it may use at trial to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(A). Nor did his production of medical records constitute a disclosure stating "the subject matter on which [Dr. Petsche was] expected to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(C)(i). While the records contained facts and opinions, they did not disclose what facts and what

---

regardless of whether "the failure was substantially justified or is harmless." *Compare U.S. ex rel. Tennessee Valley Auth. v. 1.72 Acres of Land In Tennessee*, 821 F.3d 742, 752 (6th Cir. 2016) ("Federal Rule of Civil Procedure 37(c)(1) . . . mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." (quoting *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir.2003))); *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004) (similar); *and Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996) (similar) *with Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297–98 (2d Cir. 2006) (stating that "'preclusion is [not] mandatory' under Rule 37(c)(1) [even where] 'the trial court finds that there is no substantial justification and the failure to disclose is not harmless.'"). This Court has not specifically addressed this question, but has stated that sanctions under Rule 37(c)(1) are not "mandatory" because district courts may find that the failure to comply with Rule 26(a) was substantially justified or harmless (without addressing whether exclusion is mandatory when the failure to comply is neither substantially justified or harmless). *Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004). Because we would reach the same conclusion under either approach, we need not decide which approach is proper.

opinions would be provided by what witnesses. Nor can the hundreds of pages of medical records reasonably be called a "summary."

Additionally, Vanderberg's letter to Petco stating that he expected non-retained physicians and surgeons to testify on various issues (not specifically including causation) does not save his claim. His request that, "[i]f it is Petco's position that treating physicians must be identified through expert witness certification, please advise," is of no avail. As the district court stated, "[i]n essence, Vanderberg's counsel asked Petco if the Rules of Procedure regarding expert disclosures mean what they say." Moreover, this letter did not satisfy the specific requirements of Rule 26(a)(2) and was sent nearly three months after Vanderberg's initial deadline to disclose expert witnesses had passed. *See Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) ("[F]ailure to disclose in a timely manner is equivalent to failure to disclose." (quoting *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir.1998))).

Rule 37(c)(1) prescribed the sanction for Vanderberg's failure to comply with Rule 26(a)(2). Unless his failure to disclose Dr. Petsche as an expert witness was "substantially justified" or "harmless," Vanderberg was "not allowed to use [his statements and opinions] to supply evidence" on Petco's summary judgment motion or at trial. Fed. R. Civ. P. 37(c)(1).

The district court determined that Vanderberg's failure to comply with Rule 26(a)(2) was neither substantially justified or harmless, albeit without using those precise terms. We find no abuse of discretion in this conclusion. *See Cripe v. Henkel Corp.*, 858 F.3d 1110, 1112 (7th Cir. 2017) (reviewing determination of substantial justification or harmlessness for abuse of discretion). While the record contains no hint of bad faith on the part of Vanderberg's counsel, there is also no apparent justification. The district court noted that Vanderberg "did not provide a timely (or even untimely) Rule 26(a)(2)(C) disclosure for Dr. Petsche." It also relied on the fact that Vanderberg did not even "offer[] a reason for [his] noncompliance." The district

court's conclusion that the failure to comply with Rule 26(a)(2) was not harmless is also well supported. The district court found that Petco was significantly prejudiced as it had already filed its motion for summary judgment and had not deposed Dr. Verma or Dr. Petsche. Allowing the evidence would almost certainly require a continuance of trial so that Petco could first have the opportunity to conduct depositions and potentially find rebuttal evidence. All of this would require additional expense to Petco. There was no abuse of discretion in the district court's conclusion that Vanderberg's failure to comply with Rule 26(a)(2) was neither substantially justified or harmless.

We also reject any suggestion that Vanderberg's failure to adhere to Rule 26(a)(2) was harmless because Petco should have figured out that he would rely on his treating physicians to provide expert testimony on causation. The expert witness disclosure requirements would be rendered meaningless if a party could ignore them and then claim that the nondisclosure was harmless because the other party should have read between the lines. Moreover, parties such as Petco are entitled to presume that opposing parties will comply with the Rules of Civil Procedure and that experts will be properly disclosed in accordance with the rules. "Litigants should not have to guess who will offer expert testimony; they need knowledge to conduct their own discovery and proffer responsive experts. That's why failure to comply with Rule 26(a)(2)(A) leads to the exclusion of expert testimony by a witness not identified as an expert." *Cripe*, 858 F.3d at 1112.

Vanderberg further argues the district court should have imposed a lesser sanction in lieu of the exclusion that led to summary judgment for Petco. It is true this Court has said, "the district court's discretion to fashion a remedy or sanction for discovery violations under Rule 37 is not absolute," but "narrows as the severity of the sanction or remedy it elects increases." *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011) (quoting *Wegener*, 527 F.3d at 692). Where the exclusion of evidence is tantamount to dismissal, a district court may need to first consider the possibility of

lesser sanctions.[4]  *See Heartland Bank v. Heartland Home Fin., Inc.*, 335 F.3d 810, 817 (8th Cir. 2003).

Vanderberg, however, did not avail himself of the opportunity to seek a lesser sanction.  The text of Rule 37(c)(1) provides that where a party violates the disclosure requirements in Rule 26(a), an alternative sanction to exclusion may be imposed by the court "*on motion*."  Vanderberg did not make a motion or even argue for a lesser sanction before the district court.  "[I]t is the obligation of the party facing sanctions for belated disclosure [or nondisclosure] to show that its failure to comply with the Rule was . . . deserving of some lesser sanction."  *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20–21 (1st Cir. 2001).  The district court did not abuse its discretion by not imposing a lesser sanction when Vanderberg never requested one.

The dissent asserts that "Vanderberg's vigorous opposition furnished the district court with the discretion to consider other options outside of exclusion."  This is at odds with the text of Rule 37(c)(1), which states that a party that fails to make its required Rule 26(a) disclosures "is not allowed to use that information or witness," but also states that alternative sanctions may be imposed "instead of [exclusion] . . . *on motion*."  Fed. R. Civ. P. 37(c)(1) (emphasis added).  The dissent's approach

---

[4] We have imposed strict requirements for the sanction of *dismissal* under Rule 37(b)(2) for violating a discovery order, *see United States v. Eleven Million Seventy-One Thousand One Hundred & Eighty-Eight Dollars & Sixty-Four Cents ($11,071,188.64) in United States Currency*, 825 F.3d 365, 369 (8th Cir. 2016), but we have never extended the "bad faith or willful violation" part of those requirements either to a sanction of exclusion of evidence that is "tantamount to dismissal" or to exclusion of evidence under Rule 37(c)(1), whose sanction is automatic (unless the violation is substantially justified or harmless) in the absence of a motion for an alternative sanction. *See, e.g., Heartland Bank*, 335 F.3d at 817 (requiring the district court to consider lesser sanctions before imposing exclusion of witnesses that was tantamount to dismissal, but not requiring a finding of willfulness or bad faith).

would collapse the rule's provision of automatic exclusion of undisclosed evidence (except where harmless or substantially justified), with the option of alternative or additional sanctions on a party's motion, into an open-ended approach that is divorced from the text of the rule.

Even aside from the lack of motion by Vanderberg to the district court for a lesser sanction, the district court's sanction was not an abuse of discretion. Unlike under Rule 37(b), where a district court has broad discretion to fashion its own remedy for a party's violation of a discovery order, including selecting the sanction of exclusion of evidence, Rule 37(c)(1) makes exclusion of evidence the default, self-executing sanction for the failure to comply with Rule 26(a). Under Rule 37(c)(1), exclusion occurs automatically by operation of the rule; the rule permits, but does not require, the imposition of an alternative sanction on a party's motion. *See generally Wilson*, 250 F.3d at 20–21. The district court here did not abuse its discretion by imposing the sanction that is directly dictated by Rule 37(c)(1).

Even if the district court was required to consider *sua sponte* whether a lesser sanction would have been sufficient, it did so here. The district court reasonably found that exclusion of the statements by Dr. Petsche was the only appropriate sanction because, if the statements were used, Petco would be seriously prejudiced. Vanderberg revealed that he would be using the statements of Dr. Petsche only after Petco had filed its motion for summary judgment, after the close of discovery, and just two months before trial. The district court noted that fairness would require it to grant a continuance of trial so that Petco could depose Vanderberg's experts and, if necessary, seek responsive testimony of its own. Such a delay, the court concluded, "would significantly disrupt the order and efficiency of the trial." The district court did not abuse its discretion by declining to adopt a lesser sanction that would inevitably result in prejudice to Petco and unnecessary expense, delay, and disruption to the case.

The result of Vanderberg's failure to comply with his Rule 26(a)(1) disclosure requirements may seem harsh. But the burdens on parties who are not adequately appraised of an opposing party's experts' identity and expected testimony are also real and costly. In any event, the balance between adequately incentivizing compliance with parties' disclosure obligations and not unfairly punishing "insignificant, technical violations" has already been struck by the drafters of Rule 37(a)(1). It is our role to conform our analysis to the text of the rule, rather than strike our preferred balance.

Our conclusion is bolstered by this Court's prior precedent. The facts of this case are remarkably similar to those in *Brooks*, 620 F.3d at 897–98, where this Court affirmed the exclusion of expert opinion evidence on causation. Brooks, who claimed his back was injured while at work as a result of his employer's negligence, failed to make expert disclosures pursuant to Rule 26(a)(2) and the district court's scheduling order. *Id.* at 897–98. He did, however, disclose in discovery the names and contact information for his treating physicians, provide medical records, and list "Treating Physicians" as expected witnesses to testify regarding his "alleged injuries and damages." *Id.* at 897. In opposition to his employer's motion for summary judgment, Brooks relied on an affidavit by his treating physician, opining that Brooks's back injury was caused by his work. *Id.* at 898. Because the treating physician had not been disclosed as an expert witness, the district court refused to consider the affidavit and, as a result, granted summary judgment to the employer due to the lack of any expert opinion evidence on causation. *Id.* at 897. We affirmed the district court in all respects, holding that "[b]ecause Brooks failed to comply with the [expert disclosure] requirements of Rule 26(a)(2), the district court properly excluded [the treating physician's] causation opinion." *Id.* at 900.

Here, as in *Brooks*, the plaintiff provided the name of a treating physician as a potential witness in discovery and produced medical records. *Id.* at 897. But in both cases the plaintiff failed to disclose the treating physician as an expert witness and make the expert witness disclosures required by the Federal Rules of Civil Procedure. *Id.* at 898. As a result, in both cases the plaintiff had his proffered expert opinion evidence on causation excluded, even though the exclusion led directly to the granting of summary judgment for the defendant. *Id.* As in *Brooks*, we conclude that the district court's exclusion here was proper. *Id.* at 900.

Vanderberg also argues that the district court should not have imposed sanctions because Petco did not attempt to "meet and confer" with him before seeking sanctions. The district court concluded that Petco failed to comply with Rule 37(a)(1) and a similar local rule and, as a result, the court did not award Petco attorney fees. Petco has not cross-appealed the denial of its request for attorney fees, but argues that the meet and confer requirement of Rule 37(a)(1) does not apply to its request for sanctions under Rule 37(c)(1) and that, even if it did, such a violation does not automatically preclude an award of sanctions.

An examination of the text of the rule shows the fallacy of Vanderberg's argument. Rule 37(a)(1) provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

By its plain language, the requirement that a party confer or attempt to confer with the opposing party applies as a prerequisite to a motion "for an order *compelling disclosure or discovery*." Fed. R. Civ. P. 37(a)(1) (emphasis added). A motion

asking the court to enforce the self-executing sanction of exclusion in Rule 37(c)(1) does not seek to compel disclosure or discovery. Seeking to enforce the automatic exclusion of evidence pursuant to Rule 37(c)(1) does not require a party to first confer with the other party about whether the other party's evidence should be excluded. *See Fulmore v. Home Depot, U.S.A., Inc.*, 423 F. Supp. 2d 861, 872 (S.D. Ind. 2006) ("Rule 37(c) simply does not require conferral.").

Petco did not violate the meet and confer requirement of Rule 37(a)(1) because that requirement does not apply to requests for exclusion of evidence under Rule 37(c)(1). Thus, the district court did not abuse its discretion by excluding Vanderberg's evidence notwithstanding that Petco did not attempt to meet and confer with Vanderberg before seeking sanctions.

## III. Summary Judgment

Finally, we address Vanderberg's argument that the district court erred in granting summary judgment to Petco. He argues that "[w]hether or not the district court's discovery sanction is permitted to stand, there was sufficient medical evidence, when viewed under the appropriate summary judgment standard, to preclude summary judgment on medical causation." Vanderberg claims the district court, after excluding the expert opinion testimony, granted summary judgment to Petco without considering the "other medical evidence" that could have created a triable jury issue on causation. However, Vanderberg does not cite any "other medical evidence," but extensively discusses the statements made by Dr. Petsche in his letter and operative notes.

A party is entitled to summary judgment if they show "there is no genuine dispute as to any material fact" and the party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the district court's grant of summary

judgment de novo. *See Hildene Opportunities Master Fund, Ltd. v. Arvest Bank*, 897 F.3d 980, 981 (8th Cir. 2018).

Vanderberg has not disputed that, under Iowa law, "[d]ue to its complex and scientific nature, medical causation almost always requires expert testimony." *Anderson*, 936 F. Supp. 2d at 1067. *See also Asher v. OB-Gyn Specialists, P.C.*, 846 N.W.2d 492, 501 (Iowa 2014), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699 (Iowa 2016). Nor has he disputed that, in light of his preexisting health conditions and prior injuries, "there [we]re multiple possible causes to [his] injury," thus making "expert testimony [] necessary to determine which cause was the actual and legal cause." *Anderson*, 936 F. Supp. 2d at 1067.

Yet, Vanderberg still argues he can prevail even without the excluded evidence. We disagree. The district court "precluded [Vanderberg] from using Dr. Petsche's opinion testimony to establish causation" and "from relying on expert evidence as to causation in resistance to Petco's motion for summary judgment or otherwise." Thus, to the extent that Dr. Petshe's statements in his operative notes and letter constitute expert opinions on causation, those statements are excluded. To the extent those statements do not constitute expert opinions, Vanderberg's claims fail under Iowa law because of the lack of expert opinion evidence to establish a genuine issue of material fact on causation. *See Anderson*, 936 F. Supp. 2d at 1067.

## IV. Conclusion

The district court did not abuse its discretion in excluding the statements of Dr. Petsche to show causation and did not err in granting summary judgment to Petco. Accordingly, we affirm.

ERICKSON, Circuit Judge, dissenting.

While I agree with the majority's conclusion that Vanderberg did not technically satisfy the expert disclosure requirements of Fed. R. Civ. P. 26(a)(2) with regard to treating orthopedic surgeon Dr. Timothy Petsche, *Brooks v. Union Pac. R.R. Co.*, 620 F.3d 896, 900 (8th Cir. 2010), I believe that exclusion of the evidence was improper because the failure to disclose was harmless. And even if not harmless, under the Federal Rules of Civil Procedure and our existing precedent, the district court was obligated to consider a lesser sanction in this particular case when there was neither intentional misconduct nor surprise to the opposing party, and exclusion of the expert in effect directed a dismissal of the case. *Heartland Bank v. Heartland Home Finance, Inc.*, 335 F.3d 810, 817 (8th Cir. 2003).

Because exclusion of the evidence as a sanction for violating Rule 26(a)(2) resulted in dismissal of Vanderberg's entire case, our review is guided by the following principles:

> Although we typically review the imposition of discovery sanctions for abuse of discretion, such discretion narrows as the severity of the sanction or remedy the district court elects increases. The sanction of dismissal is among the harshest of sanctions, and there is a strong policy favoring a trial on the merits and against depriving a party of his day in court. Accordingly . . . we more closely scrutinize dismissal imposed as a discovery sanction because the opportunity to be heard is a litigant's most precious right and should sparingly be denied.

*Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014) (quotations and citations omitted).

When a party fails to make a disclosure required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a

-17-

hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In other words, when the failure to disclose is harmless, exclusion is not appropriate. *Id.*; *Hillesheim v. Holiday Stationstores, Inc.*, – F.3d. –, 2018 WL 4302035, *2 (8th Cir. 2018).

The district court considered the four factors set forth in *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008), and found exclusion was warranted because: (1) Vanderberg offered no reason for noncompliance; (2) the late disclosure significantly prejudiced Petco since trial was two months away; and (3) allowing the expert evidence would significantly disrupt the order and efficiency of trial. As to the other factor–the importance of the information or testimony–the district court noted that the proposed opinion testimony was "highly important" and "the absence of opinion evidence concerning causation requires dismissal of Vanderberg's claims."

The Federal Rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. While the district court was not required to impose the least onerous sanction available, a lesser sanction would have been just, would have adequately penalized Vanderberg, would have still conferred integrity to the discovery rules, and would not have prejudiced Petco's defenses.

Vanderberg filed his complaint against Petco on March 8, 2016. The court issued a trial management order on May 26, 2016, setting the trial date for August 21, 2017. While reviewing courts ought to remain cognizant of not interfering with the busy trial calenders in the district courts, there was never a continuance of the trial in this case. Other than the district court's statement that a continuance would "significantly disrupt the order and efficiency of the trial," I am unable to find any support for the notion that a hardship that would have resulted from the granting of a short continuance to allow a deposition of Dr. Petsche at Vanderberg's cost (plus

-18-

a monetary sanction for failing to comply with the rules, if appropriate) that outweighed depriving Vanderberg of his day in court.

From the inception of the case through dismissal, it was apparent that Vanderberg claimed he sustained injuries related to a fall while making a delivery at a Petco store in Sioux City, Iowa. The assistant manager signed off on the June 7, 2015, delivery, adding the following notations: "Driver got hurt while unloading. Hurt his legs & his ankle. I witnessed him right after the accident and saw how the lift was down." In addition, as the majority notes, Vanderberg identified Dr. Petsche in his answer to an interrogatory question asking for information about treating doctors and treatments provided. Vanderberg referenced the medical records he provided to Petco for information about specific treatments and examinations.

The majority's reliance on *Brooks*, 620 F.3d 896 as factually "remarkably similar" is incorrect. The complaint in *Brooks* alleged the plaintiff suffered an acute injury at work without identifying a specific incident. Here, it is apparent that Petco was adequately informed about Vanderberg's claims regarding the single, identifiable incident. Petco was also adequately informed as to the evidence Vanderberg believed supported his claims, as at no time did Petco schedule or attempt to schedule a discovery deposition of Dr. Petsche, even though he was identified in Vanderberg's interrogatory answer.

Vanderberg did not intentionally withhold information or mislead Petco. Approximately seven months before trial, in January 2017, Petco contacted Vanderberg about his lack of expert witness disclosures. Vanderberg responded the following day:

> We do not have any retained experts on liability or damages. We expect the treating physicians and surgeons will testify as to their diagnosis, treatment, prognosis, functional impairment and future medical care for

Tim Vanderberg. If it is Petco's position that treating physicians must be identified through expert witness certification, please advise and we can take the matter up with the court.

Petco sat silent after this correspondence was received, which was before expiration of the discovery deadline. Despite the confirmation that Dr. Petsche would be called as a witness at trial, Petco still did not schedule or attempt to schedule a deposition of Dr. Petsche. The reason is apparent from the record–the opinions Dr. Petsche would offer at trial were immediately knowable to Petco based on Vanderberg's other disclosures. Petco cannot claim surprise. Based on the information in its possession, Petco was prepared to defend against Vanderberg's claims, having retained its own expert, Dr. Douglas Martin, to opine that the injuries Vanderberg suffered were not caused by the fall at its store.

The majority's contention that exclusion is the appropriate remedy because Petco would have had to "read between the lines" to figure out Vanderberg's evidence is at odds with the record. Dr. Petsche's beliefs about the mechanism of the injury, including the causal nexus between the incident at Petco and the injuries, was plain by any close reading of the medical records. Under these particular circumstances, the failure to provide a separate summary of the facts and opinions on which Dr. Petsche would testify, while a technical violation of Rule 26(a)(2), was harmless. The requisite expert disclosure would have been cumulative to the information previously disclosed by Vanderberg and already within Petco's knowledge.

Because the failure to disclose in this case was harmless, exclusion of the evidence was an abuse of discretion. Fed. R. Civ. P. 37(c)(1); *see Hillesheim*, 2018 WL 4302035 at *2 (even assuming a Rule 26 violation, the failure to disclose was harmless when the opposing party was aware of, or at a minimum should have been aware of, the claim); *Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1204 (8th Cir. 2015)

-20-

(failure to disclose the report was harmless when the opposing party had deposed the witness and never requested the opportunity to take a supplemental deposition).

Even if Vanderberg could not meet the harmless standard, Rule 37(c)(1) plainly vests the district court with discretion to consider a sanction less severe than exclusion. The choice of the sanction lies within the wide discretion of the trial court. *Wegener*, 527 F.3d at 692. The majority asserts, without support, that the district court has broad discretion to impose a sanction under Rule 37(b) where the discovery violation pertains to a court order, but under Rule 37(c), where, as in this case, the discovery violation is a failure to disclose under the expert discovery rules, the district court's discretion is limited solely to whether or not to exclude the evidence. We have not limited the district court's discretion in such a manner:

> The district court has discretion under Rule 37(c)(1) to apply sanctions against a party who has failed to satisfy initial or supplemental disclosure requirements; for example, excluding the evidence or testimony entirely. That 'discretion to fashion a remedy or sanction' is 'wide,' but 'narrows as the severity of the sanction or remedy . . . increases.'

*Carmody v. Kansas City Bd. of Police Comm'rs*, 713 F.3d 401, 405 (8th Cir. 2013) (quoting *Wegener*, 527 F.3d 687, 692 (8th Cir. 2008)).

The majority's unsupported assertion is also contrary to the plain language of Fed. R. Civ. P. 37(c). Rule 37(c)(1) lists alternatives to exclusion with the following prefatory language: "In addition to **or instead of** this sanction, the court, on motion and after giving an opportunity to be heard" may order payment of reasonable expenses, including attorney fees caused by the failure; may inform the jury of the party's failure; and may impose other appropriate sanctions. Fed. R. Civ. P. 37(c)(1) (emphasis added).

On this record in which there is no evidence of intentional misconduct, no evidence of repeated discovery violations, no evidence of surprise, and no discernable evidence of a "significant" disruption of the trial court calendar or the presentation of the case, the district court abused its discretion by not considering a lesser sanction. *Heartland Bank*, 335 F.3d at 817. The majority's findings that Vanderberg failed to avail himself of the opportunity to seek a lesser sanction by filing a motion, either as determinative or a factor a court should consider, is disingenuous. Vanderberg resisted the motion for sanctions in the district court by filing a brief and requesting a hearing. Vanderberg's vigorous opposition furnished the district court with the discretion to consider other options outside of exclusion, including, for example, the assessment of fees and costs, the extension of the discovery deadline to allow the deposition of Dr. Petsche to be taken at Vanderberg's expense, and a continuance of the trial, if necessary to accommodate the additional discovery purportedly needed by Petco.

In summary, Vanderberg provided notice of the facts and opinions Dr. Petsche would offer at trial in response to Petco's discovery requests, as opposed to a separate disclosure. Petco had the information required by Fed. R. Civ. P. 26(a)(2)(C), albeit not in the precise form required by the rule. The advisory committee notes to the 2010 amendments to Rule 26(a)(2) make clear that the disclosure required for an expert witness not required to prepare a report is "considerably less extensive" and "[c]ourts must take care against requiring undue detail." The purpose of Rule 26(a)(2) is to give the opposing party notice of the expert opinions and bases for them in advance of trial. The rule was not intended to be a vehicle to facilitate sharp lawyer practices or to pave the way for the district court to dismiss a case for insignificant, technical violations. As simply stated in *Heartland Bank*, 335 F.3d at 817, "the record does not substantiate the breadth of the sanction imposed by the district court."

I would reverse the district court's decision and remand for further proceedings consistent with this opinion.

_____