# United States Court of Appeals

## For the Eighth Circuit

_____

No. 22-1742

_____

Malik Laughlin; Kenneth Lewis

*Plaintiffs*

Emily Claire Hari, formerly known as Michael Hari

*Plaintiff - Appellant*

v.

James Stuart, Sheriff of Anoka County; Jonathon Evans, Deputy Sheriff of Anoka County; Lt. S. Larson, Deputy Sheriff of Anoka County; SGT Carrie Wood, Deputy Sheriff of Anoka County; Tessa Villergas, Anoka County Deputy Sheriff; Jesse Rasmussen, Anoka County Sheriff

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 5, 2022
Filed: October 21, 2022
[Unpublished]

_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Emily Hari appeals following the district court's[1] adverse grant of summary judgment in her 42 U.S.C. § 1983 action. Upon careful de novo review, see Gareis v. 3M Co., 9 F.4th 812, 818 (8th Cir. 2021) (standard of review), we affirm. We find that summary judgment was proper as to the claims against defendants Stuart and Wood, as the record did not show that they were personally involved in the alleged violations of Hari's rights. See White v. Jackson, 865 F.3d 1064, 1081 (8th Cir. 2017) (to prevail on § 1983 claim, plaintiff must show individual defendant's personal involvement in alleged violation).

We agree with the district court that summary judgment was proper on Hari's First Amendment claims against defendants Rasmussen, Evans, and Larson, as--even assuming the documents seized from Hari's cell were legal mail--defendants' actions were isolated incidents insufficient to establish a free speech violation. See Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (isolated incident of mail tampering is usually insufficient to establish constitutional violation; rather, inmate must show that prison officials regularly and unjustifiably interfered with legal mail); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997) (noting generally that isolated instance of opening legal mail will not support § 1983 action). We also agree that summary judgment was proper on Hari's Sixth Amendment claim against Rasmussen and Larson, as she did not show that she was prejudiced by the disclosure of the encrypted letter. See Ervin v. Busby, 992 F.2d 147, 150 (8th Cir. 1993) (per curiam) (evidence of actual prejudice is necessary to show interference with right to counsel in § 1983 Sixth Amendment claim). We find that Hari's Sixth Amendment claims against Evans and Larson regarding the notes seized from her cell on July 11 are Heck-barred, see Heck v. Humphrey, 512 U.S. 477, 487 (1994); Valdez v. Rosenbaum, 302 F.3d 1039, 1049 (9th Cir. 2002) (finding plaintiff's Sixth Amendment claim, alleging

---

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Tony N. Leung, United States Magistrate Judge for the District of Minnesota.

that he was denied adequate contact with attorney while pretrial detainee, was <u>Heck</u>-barred, as it would necessarily imply invalidity of his conviction); however, we modify the dismissal of these claims to be without prejudice, <u>see</u> <u>Sheldon v. Hundley</u>, 83 F.3d 231, 234 (8th Cir. 1996).  Finally, we find no abuse of discretion in excluding the documents that Hari did not disclose during discovery under Fed. R. Civ. P. 37, <u>see</u> <u>Vanderberg v. Petco Animal Supplies Stores, Inc.</u>, 906 F.3d 698, 702 (8th Cir. 2018) (standard of review); and we note that the outcome of the summary judgment motion would have been the same even if the documents were considered, <u>cf.</u> <u>United States v. Ameren Mo.</u>, 9 F.4th 989, 1008 (8th Cir. 2021) (even if district court abused its discretion by admitting undisclosed evidence, that error was harmless because court expressly stated that result would not be different without evidence).

The judgment is affirmed as modified.  <u>See</u> 8th Cir. R. 47B.

_____