# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-2234
_____

KOKO Development, LLC

*Plaintiff - Appellant*

v.

Phillips & Jordan, Inc.; DW Excavating, Inc.; Thomas Dean & Hoskins, Inc.

*Defendants - Appellees*

v.

BKW, Inc.

*Third Party Defendant - Appellee*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: February 13, 2024
Filed: May 7, 2024
_____

Before SMITH, Chief Judge,[1] BENTON, and STRAS, Circuit Judges.
_____

BENTON, Circuit Judge.

_____

[1]Judge Smith completed his term as chief judge of the circuit on March 10, 2024.  *See* 28 U.S.C. § 45(a)(3)(A).

The planned real estate development of the Stenehjem Commons in Watford City, North Dakota cost more than anticipated. KOKO Development, LLC seeks to recover damages from Phillips & Jordan, Inc.; DW Excavating, Inc.; and Thomas Dean & Hoskins, Inc. (TD&H). Before trial, KOKO did not disclose any expert witnesses either in its Federal Rule of Civil Procedure 26(a) disclosures, or before the district court's deadline for disclosing experts. The district court[2] ruled, because KOKO ignored the deadlines, none of its witnesses could give expert testimony at trial. The district court granted the defendants' motion for summary judgment, finding that without expert witnesses, KOKO could not establish its claims. KOKO appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In 2014, KOKO was created to develop Commons, a 180-acre tract of undeveloped land. To subdivide it and sell lots with infrastructure for houses, KOKO contracted with DW Excavating and Phillips & Jordan. Phillips & Jordan subcontracted part of its work to BKW, Inc. To inspect and supervise the work of all parties, KOKO hired TD&H.[3]

After the end of the North Dakota oil boom, the Commons project sat dormant and without maintenance. When the price of oil recovered—and after some defendants completed some of their tasks—KOKO sought to complete the project and sell the lots. However, the lots had numerous issues, requiring KOKO to spend more money to prepare them for sale. KOKO sued the defendants for breach of contract and negligence. TD&H removed the case to federal court. After removal, Phillips & Jordan sued BKW, as a third party, for its subcontracted work.

---

[2]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

[3]TD&H earlier moved for summary judgment, asserting there was no contract between itself and KOKO. The district court denied the motion, finding a dispute of material facts. *See* **KOKO Dev., LLC v. Phillips & Jordan, Inc.**, 2021 WL 5909181, at *3 (D.N.D. Dec. 14, 2021).

KOKO served its Rule 26(a) disclosures, identifying only 12 fact witnesses. The district court set a deadline for disclosing expert witnesses. KOKO did not disclose expert witnesses by the deadline, ask for an extension, or even indicate an intent to disclose expert witnesses. All defendants moved for summary judgment, arguing that, to prove negligence and breach of contract, KOKO required expert testimony because the issues were complex and highly technical. KOKO responded it sought to "elicit testimony" from three fact witnesses—Mac Hall, Lonnie Kern, and Wayne Kern—"that is expert in nature." *KOKO Dev., LLC v. Phillips & Jordan, Inc.*, 2023 WL 1100706, at *3 (D.N.D. Jan. 30, 2023), *reconsideration denied*, 2023 WL 2971770 (D.N.D. Apr. 17, 2023).

The district court granted summary judgment, finding that KOKO "clearly failed to meet the requirements of Rule 26 by not disclosing the witnesses as experts and not disclosing their opinions." *Id.* at *5. The district court ruled that the three witnesses were disclosed as fact witnesses, not expert witnesses, and, thus "precluded from testifying as expert witnesses." *Id.*, *citing* **Fed. R. Civ. P. 26**. The district court found that expert testimony was necessary for KOKO to prove its case. The district court added that the third-party complaint against BKW was moot.

This court reviews de novo a grant of summary judgment. *See **Torgerson v. City of Rochester***, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Id.* (citations omitted).

"Because this is a diversity action, we apply 'the substantive law of the forum state, here North Dakota.'" ***Vandewarker v. Cont'l Resources, Inc.***, 917 F.3d 626, 629 (8th Cir. 2019), *quoting **N. Oil & Gas, Inc. v. Moen***, 808 F.3d 373, 376 (8th Cir. 2015). "[F]ederal courts are to apply state substantive law and federal procedural law." ***Hanna v. Plumer***, 380 U.S. 460, 465 (1965), *discussing **Erie R.R. Co. v. Tompkins***, 304 U.S. 64, 92 (1938).

KOKO appeals, arguing that the district court erred in finding (1) KOKO did not properly disclose witnesses providing expert testimony and (2) expert testimony was necessary for the case.

I.

Federal Rule of Civil Procedure 26(a) requires litigants to disclose information about their witnesses. "Subsection (a)(2) governs the disclosure of witnesses that may be used to present expert testimony at trial, requiring that 'a party must disclose to the other parties the identity of any witness it may use at trial to present' expert testimony." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018), *quoting* **Fed. R. Civ. P. 26(a)(2)(A)**.

Beyond the failure to identify its experts under Rule 26(a)(2)(A), KOKO's witnesses did not provide a required disclosure under Rule 26(a)(2)(C), which must contain: (i) "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705;" and (ii) "a summary of the facts and opinions to which the witness is expected to testify." **Fed. R. Civ. P. 26(a)(2)(C)**.

KOKO disclosed the identities of 12 fact witnesses, three of whom it claims could provide expert testimony, though it never disclosed them as expert witnesses.

Under a plain reading of the Rule, witnesses presenting expert testimony must be specifically identified as witnesses presenting expert testimony—not as fact witnesses under Rule 26(a). "Disclosing a person as a witness and disclosing a person as an expert witness are two distinct acts." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004). "Thus, the witnesses could still testify as fact witnesses, but they could not testify as experts." *Id.* at 757.

"Litigants should not have to guess who will offer expert testimony; they need knowledge to conduct their own discovery and proffer responsive experts. That's why failure to comply with Rule 26(a)(2)(A) leads to the exclusion of expert testimony by a witness not identified as an expert." *Vanderberg*, 906 F.3d at 704, *quoting **Cripe v. Henkel Corp.***, 858 F.3d 1110, 1112 (7th Cir. 2017).

Under the Federal Rules of Civil Procedure, the district court had discretion to exclude a witness's testimony if not properly disclosed, unless "the failure was substantially justified or is harmless." **Fed. R. Civ. P. 37(c)(1)**. *See **Vanderberg***, 906 F.3d at 702, *citing **Brooks v. Union Pac. R.R. Co.***, 620 F.3d 896, 899 (8th Cir. 2010). KOKO contends that the lack of disclosure causes no harm because, regardless, the witnesses must be allowed to testify to their personal knowledge. To the contrary: "The expert witness disclosure requirements would be rendered meaningless if a party could ignore them and then claim that the nondisclosure was harmless because the other party should have read between the lines." *Vanderberg*, 906 F.3d at 704.

KOKO relies on *Wactor v. Spartan Transp. Corp.*, 27 F.3d 347 (8th Cir. 1994) and *Farner v. Paccar, Inc.*, 562 F.2d 518 (8th Cir. 1977). Both cases found that testimony on industry-specific procedures was factual, not expert, testimony. *Wactor*, 27 F.3d at 351; *Farner*, 562 F.2d at 529. Both cases are inapposite for two reasons. First, *Wactor* and *Farner* deal with drawing the line between "expert" and "lay" testimony. Both cases classify a specialized worker's testimony as lay testimony, not expert testimony. *Wactor*, 27 F.3d at 351; *Farner*, 562 F.2d at 529. Here, the issue is whether an expert was properly disclosed.

Second, both cases predate the 2000 amendment to Federal Rule of Evidence 701, which—by adding 701(C)—was "amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." **Fed. R. Evid. 701**, *Notes of Advisory Committee on 2000 Amendment; see* **Fed. R. Evid. 701(c)** (establishing that lay testimony is "not based on scientific, technical, or other specialized

knowledge within the scope of Rule 702."). Further, "[u]nder the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702." **Fed. R. Evid. 701**, *Notes of Advisory Committee on 2000 Amendment*; *see Musser*, 356 F.3d at 751 n.2 ("Occurrence witnesses, including those providing 'lay opinions,' cannot provide opinions 'based on scientific, technical, or other specialized knowledge within the scope of Rule 702.' Fed. R. Evid. 701. Thus, a [witness] is providing expert testimony if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation.").

KOKO urges this court to reclassify the three witnesses as "hybrid witnesses"—an issue raised for the first time on appeal. "The general rule in a case such as this one is that a federal appellate court will not consider an issue not passed upon below." *Stafford v. Ford Motor Co.*, 790 F.2d 702, 706 (8th Cir. 1986), *citing Singleton v. Wulff*, 428 U.S. 106, 120 (1976). Under KOKO's theory, a hybrid witness may both serve as a fact witness and provide expert testimony. This court has never even used the term "hybrid witness." As KOKO did not raise this issue below and makes no argument why this court should deviate from the general rule, this court denies KOKO's request to recognize witnesses providing expert testimony that do not satisfy the requirements of Rule 26(a)(2).

KOKO did not identify the witnesses that would provide expert testimony. Even if the witnesses identified could provide expert testimony, it did not meet the Rule's requirements. The district court, following this court's direction in *Vanderberg*, did not abuse its discretion by excluding the three witnesses' expert testimony.

II.

KOKO argues that its negligence and breach of contract claims do not require expert testimony because the issues are not beyond common knowledge or lay comprehension. *See* **Klimple v. Bahl**, 727 N.W.2d 256, 259 (N.D. 2007).

The district court ruled that both the negligence and breach of contract claims required expert testimony. "Whether expert testimony is essential in a particular case depends upon the facts of that case." **Heimer v. Privratsky**, 434 N.W.2d 357, 360 (N.D. 1989). The North Dakota Supreme Court "has indicated expert testimony is required if the issue is beyond the area of common knowledge or lay comprehension . . . ." **Klimple**, 727 N.W.2d at 259, *citing* **Leno v. Ehli**, 339 N.W.2d 92, 99 (N.D. 1983). Expert testimony is required if "the issue 'is not within the ordinary experience of the jurors.'" **Id.**, *quoting* **Holecek v. Janke**, 171 N.W.2d 94, 103 (N.D. 1969). This court reviews the necessity of expert testimony for a clear abuse of discretion. *See* **Pelster v. Ray**, 987 F.2d 514, 525 (8th Cir. 1993) (establishing that the decision whether to admit expert evidence is "within the broad discretion of the district court" and "will not be overturned absent a clear abuse of discretion").

A.

While "there generally is no requirement in ordinary negligence cases for expert testimony to establish the elements of the tort," KOKO's negligence claim requires complex infrastructure and engineering analysis. *See* **Klimple**, 727 N.W.2d at 259. In its complaint, KOKO stated:

"KOKO Development is wholly untrained in the construction of the infrastructure at Stenehjem Commons, [and] relied upon the acts, recommendations and advice of Phillips & Jordan, DW Excavating and TD & H in progressing with the completion of the Stenehjem Commons infrastructure."

-7-

***KOKO Dev.***, 2023 WL 1100706, at *6. The district court reasoned: "When the Plaintiff admits that issues relevant to its claims are beyond its own experience and understanding, a jury cannot be expected to understand the issues without the benefit of expert testimony." ***Id.*** Under North Dakota law, the plaintiff bears the burden of proving the elements of negligence: duty, breach, causation, and damages. *See* ***Barbie v. Minko Constr., Inc.***, 766 N.W.2d 458, 461 (N.D. 2009). The district court found these elements could not be proved without expert testimony due to the admittedly complex nature of the issues in the case.

To support its negligence argument, KOKO relies solely on cases from this court applying South Dakota law. *See* ***Jaeger v. Henningson, Durham & Richardson, Inc.***, 714 F.2d 773, 775 (8th Cir. 1983); ***Bartak v. Bell-Galyardt & Wells, Inc.***, 629 F.2d 523, 527 (8th Cir. 1980).

The two South Dakota cases address a jury's ability to understand architectural specifications in a negligence suit. This court said: "There is nothing so highly technical about the facts of this case which is not within the common experience or understanding of the average laymen." ***Jaeger***, 714 F.2d at 776; *see* ***Bartak***, 629 F.2d at 530 (making a similar statement). Further, both cases, applying South Dakota law, rely on a distinction between "negligence-in-preparing" and "negligence-in-supervising" (a distinction that no North Dakota case recognizes). *See* ***Jaeger***, 714 F.2d at 776; ***Bartak***, 629 F.2d at 530-31. Still, KOKO urges this court to apply that distinction and hold negligence-in-supervision claims within the knowledge of jurors. This court need not address that distinction because *Jaeger* and *Bartak* both affirm a district court's discretionary finding that the facts of the case did not warrant expert testimony for a negligence-in-supervision claim. *See generally* ***SnugglyCat, Inc. v. Opfer Commc'ns, Inc.***, 953 F.3d 522, 526 (8th Cir. 2020) ("The abuse-of-discretion standard means the district 'court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'"), *quoting* ***Kern v. TXO Prod. Corp.***, 738 F.2d 968, 970 (8th Cir. 1984).

KOKO also asserts "an exception applies [to the expert testimony requirement] when the professional's misconduct is so egregious and obvious that a layperson can comprehend the professional's breach of duty without the assistance of expert testimony." *Heimer*, 434 N.W.2d at 360 (describing an exception to expert testimony under N.D. Cent. Code Ann. § 28-01-46 (2009), a statute governing expert testimony for professional negligence by medical providers). That exception, for medical negligence cases, is inapplicable.

Here, after KOKO admitted to the complexity of this case, the district court, in its broad discretion found the negligence claim required expert testimony. *See Heimer*, 434 N.W.2d at 360 (stating the necessity of expert testimony is fact specific).

## B.

KOKO contends that it does not require expert testimony to prove its breach of contract claim. "A breach of contract is the nonperformance of a contractual duty when it is due. There are three elements of a prima facie case for breach of contract: (1) the existence of a contract; (2) breach of the contract; and (3) damages which flow from the breach." *Bakke v. Magi-Touch Carpet One Floor & Home, Inc.*, 920 N.W.2d 726, 731 (N.D. 2018). KOKO alleges 15 breaches of its agreements with defendants:

a. Failing to bury water lines the required 7.5 feet below finished elevation;
b. Failing to properly flush water lines to remove air in a timely manner;
c. Sanitary sewer bore across Highway 23 Bypass at incorrect elevation or slope;
d. Catch basin manholes at improper elevation resulting in delay of curb placement;
e. Exposed ends of pipe wrapped with plastic bags and/or tape;
f. Failing to remove foreign objects from piping;

g. Failing to repair or replace damaged or deformed piping;
h. Failing to place pipe at proper angle and/or elevation as required under plans;
i. Failing to perform proper compaction around piping resulting in collapsed or sagging piping;
j. Failing to properly install pipe in areas containing ground water;
k. Failing to maintain proper separation between water and sewer lines;
l. Failing to place stabilization rock below or around piping;
m. Failing to properly install fire hydrants;
n. Failing to install or properly install water line valves; and
o. Failing to properly connect water line segments resulting in ongoing leakage.

*KOKO Dev.*, 2023 WL 1100706, at \*6. The district court found: "Whether these acts and omissions constitute breaches of each of the Defendants' agreements with KOKO are technical issues that involve an understanding of infrastructure and engineering, similar to KOKO's negligence claims." *Id.* The district court found that "determining which party is responsible for each allegation in the list and how each of the alleged wrongdoings damaged KOKO is beyond the ordinary knowledge, comprehension, and experience of jurors." *Id.* Thus, in its broad discretion, the district court found expert testimony was required for the breach of contract claim. *See SnugglyCat*, 953 F.3d at 526.

To support its breach of contract argument, KOKO cites no North Dakota statute or state case. KOKO, again, asserts that the defendants' conduct was so egregious that a layperson could find a breach of a duty without expert testimony. Even if that were true, KOKO does not argue that the jury could determine damages without expert testimony.

The district court did not abuse its broad discretion in ruling—under North Dakota law and citing KOKO's (a real estate developer's) admission as to the complexity of the issue—KOKO's breach of contract claims required expert testimony.

-10-

\* \* \* \* \* \* \*

The judgment is affirmed.

_____